The opinion of the court was delivered by
Seenoeb, J.
Defendant was indicted, tried, and convicted, without capital punishment, on a charge of murder. He appeals ; but his counsel have not favored us with an oral or written argument.
We fin 1 in the record the following bills of exception :
1st. To the refusal of the court to grant him a continuance on his affidavit of the absence of two material witnesses. The judge a quo refused the continuance on the ground that proper diligence had not *1177 been shown to procure said witnesses, who were stated in the affidavit to be residents of the parish of Ascension. The affidavit alleges, in general terms, that due diligence had been used, but does not set forth in what it consisted. It does not show even that subpoenas had been issued, but only avers that on account of their absence “subpoenas can not be served upon them.” Non constat, that had subpoenas been issued in time, they might have been served before they absented themselves. The district judge had better opportunity of knowing the diligence used than we, and much is trusted to his discretion in these matters. On the face of defendant’s showing, and taking all his allegations for true, we can not say the judge improperly refused the continuance.
2d. The next bill is to the competency of the widow of the deceased to prove his dying declarations. We see no possible reasons for excluding her; because, even admitting that the wife is not a competent witness for the State, in a prosecution against one who has committed a criminal •offense upon her husband (a proposition we are not prepared to assent to), still, after the husband’s death, she is no longer his wife, and the rules of evidence, as between husbands and wives, are no longer applicable.
3d. The next bill is to the refusal of the judge to allow defendant’s •witness to testify to threats by the deceased against the accused, where It was shown those threats were not made in the presence of accused or otherwise communicated to him. The judge did not err. See 6 A. 554, .14 A. 570, 827, 5 A. 489', 22 A. 454, 10 A. 458. Dupré vs. State, 33 Ala. 380, also 22 Ala. 39.
4th. The judge delivered his charge in writing, to which no exception was taken. But the accused submitted certain written charges, ■and requested the court to give them to the jury. The judge declined to do so, on the grounds that so much of said special charges as were legal had been embraced in and were fully covered by the written charge he had already given. We have carefully compared the judge’s charge with that requested, and we think this is true.
5th. Defendant filed a motion for new trial, based on the following grounds; first, that the verdict was contrary to the law and evi-. dence. It is not for us to review the evidence in criminal matters, were -the evidence in the record, as we have no jurisdiction of the facts, but •only of law. Second, that the court erred in refusing the continuance referred to above, also in admitting the testimony of the widow, and in •excluding evidence of threats, as detailed above by us, and also erred in certain charges given the jury and in refusing the charges asked. These matters have all, with one exception, been reviewed in noticing the various bills of exception, wherein all of them were properly pre *1178 sentable. They can not be presented by motion for new trial, but must be by bill of exception. This is especially true of objections to the judge’s charge. It is too late, in a motion for new trial, to urge objections to the charge which were not reserved at the time the charge was-given. See State vs. Gunter, 30 A. 536. The third ground for new trial is newly discovered evidence. The showing is not sufficient, either as to-its materiality, competency, or discovery after trial, etc. The judge a quo properly refused the new trial.
The judgment and sentence appealed from is affirmed.